[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 15, 1996, the plaintiff, Firstar Trust, instituted this action seeking foreclosure of a mortgage used as security for a note taken out by the defendant, Ronald Clave.
On September 27, 1996, the plaintiff's motion for default due to the defendant's failure to appear was granted. On September 30, 1996 at 10:02 a.m., the plaintiff filed a motion for judgment of strict foreclosure (#105) bearing the above caption. However, also at 10:02 a.m., on the same day, the plaintiff filed a withdrawal form (#104), bearing the same caption, with a box checked indicating "THE PLAINTIFF'S ACTION IS WITHDRAWN AS TO ALL DEFENDANTS WITHOUT COSTS TO ANY PARTY."
Thereafter, on October 1, 1996, the plaintiff's counsel, Marjorie R. Gruszkiewicz, sent a letter to the Chief Clerk of the Court for the judicial district of Stamford-Norwalk stating: "I respectfully request that the [withdrawal form] dated September 26, 1996 be CT Page 10012 disregarded." Gruszkiewicz's letter states that "[t]he matter was intended to be withdrawn only with regard to the defendant Thomas C. Todd, who was never served with process." Gruszkiewicz's letter further states that "the certification page on the Withdrawal was never executed in accordance with Practice Book § 123." presumably because the certification was not signed. Gruszkiewicz's letter also states that the motion for judgment was filed at the same time as the withdrawal.
On October 21, 1996, the plaintiff filed an additional withdrawal form seeking a partial withdrawal against a former defendant, Thomas T. Todd.
On November 5, 1996, in response to the letter sent by Gruszkiewicz, the Chief Clerk sent a JDNO response card instructing Gruszkiewicz to send another withdrawal form to indicate that she is "withdrawing the withdrawal." Gruszkiewicz complied with the Clerk's instructions by sending a withdrawal form and cover letter dated November 13, 1996.
On December 9, 1996, the court, Tobin, J., granted the motion for strict foreclosure. As of that date, the defendant had still not appeared.
On December 18, 1996, the Chief Clerk's office sent a JDNO notice card to the plaintiff which stated in relevant part: "This action has been returned to plea and motion status in accordance with your recent withdrawal of the withdrawal filed on September 30, 1996."
On March 10, 1997, a notice of entry of judgment of foreclosure by sale was sent to the defendant indicating that a judgment of foreclosure by sale had been entered on that same day. The sale date was set for May 3, 1997.
On May 10, 1997, the defendant appeared. On May 21, 1997, the defendant filed a motion to dismiss for lack of subject matter jurisdiction and a motion to vacate the judgment. In sum, the defendant argued that since the action had been technically withdrawn by the plaintiff, and there is no such procedural vehicle as a "withdrawal of a withdrawal", the court's jurisdiction to act on the subject matter before it was gone. The defendant argued, therefore, that all pleadings entered subsequent to the original withdrawal were void due to the court's lack of jurisdiction. This court, Hickey, J., denied the motions on June 2, 1997. The CT Page 10013 defendant now moves this court to reconsider its decision.
"Withdrawals are analogous to final judgment. . . . [T]he effect of a withdrawal, so far as the pendency is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." Sicaras v.City of Hartford, 44 Conn. App. 771, 775-6, ___ A.2d ___ (1997), cert. denied, 241 Conn. 916, ___ A.2d ___ (1997. "[T]he motion to restore a case to the docket is the vehicle to "open" a withdrawal[.]" Id., 776.
In the present case, there is no question that the plaintiff filed a withdrawal of the action. The court notes that this filing was in error. Nevertheless, the form was filed and the action was withdrawn from the court's docket. Following the withdrawal, a motion to restore was not filed, and the action was never properly restored to the docket. Therefore, the defendant is correct in its conclusion that all action taken by the court following the September 30, 1996 withdrawal was invalid.
The defendant's motion to dismiss, however, is not the means by which to cure the errors made. "As a general rule, jurisdiction once acquired is not lost or divested by subsequent events."Loulis v. Parrott, 241 Conn. 180, 198, ___ A.2d ___ (1997). Therefore, this court retained jurisdiction over the controversy. The court, however, was acting on a file that was technically inactive.
The court appreciates that the plaintiff's counsel was relying in good faith upon the instruction of the Clerk of the Court. Counsel reasonably thought that the filing of a "withdrawal of the withdrawal" would cure the error she made. The Clerk's instruction, however, while well intentioned, was without legal foundation.
The objection to the motion to reconsider (#136) is overruled. After further reconsideration, the motion to vacate the judgment (#128) is granted. The motion to dismiss (#116) is denied. Further, this court orders that the docket return to the status it held on September 30, 1996, following the filing of the withdrawal of the action as to all parties. The parties are instructed to proceed as though this action has been withdrawn as to all parties. The time limitation in which to file a motion to restore begins with the date of this order. CT Page 10014
HICKEY, J.